**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-60817-BLOOM/Valle**

UNITED STATES OF AMERICA,

Plaintiff,

v.

GULFSTREAM PARK RACING
ASSOCIATION, INC.,

Defendant.
_________________________________/

**ORDER APPROVING JOINT STIPULATION OF SETTLEMENT**

**THIS CAUSE** is before the Court upon the parties' Joint Stipulation of Settlement, ECF No. [4] ("Stipulation"), filed on April 27, 2017. The Court has reviewed the Stipulation, the record in this case and the applicable law, and is otherwise fully advised. Accordingly, the Stipulation is **APPROVED** as follows:

WHEREAS, Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter concurrently with the filing of the Stipulation;

WHEREAS, the Complaint alleges that Gulfstream Park Racing Association, Inc. ("GSP" or "Defendant") violated Section 301(a) of the Clean Water Act ("CWA"), as amended, 33 U.S.C. § 1311(a), by discharging pollutants without proper authorization under a National Pollutant Discharge Elimination System (NPDES) permit and failing to comply with certain terms of its NPDES permit.

WHEREAS, the United States and GSP (the "Parties") agree that settlement of this action without further expense and litigation is in the public interest and that entry of this Stipulation is the most appropriate means of resolving the instant matter.

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, or any determination of liability, and upon consent and agreement of the Parties to this Stipulation, it is **AGREED**, **STIPULATED** and **ORDERED**:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal question), 1345 (United States as plaintiff), and 1355 (Fine, penalty or forfeiture), and pursuant to the CWA, 33 U.S.C. § 1319(d) (Civil penalties). Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) (Venue generally), and pursuant to the CWA, 33 U.S.C. § 1319(b) (Civil actions), because it is the judicial district where Defendant is located, where a substantial part of the events or omissions giving rise to the claim occurred, and where the alleged violations occurred. For purposes of this Stipulation, or any action to enforce this Stipulation, Defendant consents to the Court's jurisdiction over this Stipulation or any such action and over Defendant, and consents to venue in this judicial district.

2. For the purposes of this Stipulation, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), for violations of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

3. Defendant shall pay a civil penalty of four-hundred fifty-six thousand five hundred dollars ($456,500).

4. The civil penalty as set forth in Paragraph 3 shall be paid to the United States within 30 days after the Court enters this Stipulation by FedWire Electronic Funds Transfer ("EFT") in accordance with written instructions to be provided to Defendant by the Financial

Litigation Unit of the U.S. Attorney's Office for the Southern District of Florida. At the time of payment, Defendant shall send evidence of the transfer, together with a transmittal letter referencing this Stipulation, the civil action number and DOJ case number 90-5-1-1-11699, to:

Suzanne K. Armor
Associate Regional Counsel
Office of Environmental Accountability
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

and:

Chief, Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

5. If any portion of the civil penalty payable to the United States under Paragraph 4 of this Stipulation is not paid when due, the United States may issue a written demand for payment of stipulated penalties under this Paragraph. Defendant shall, within 30 days of receipt of such written demand, pay a stipulated penalty to the United States of $5,000 for each day that Defendant's civil penalty payment is delayed beyond the due date. Payment of any stipulated penalty to the United States shall be made in the manner set forth in Paragraph 4. The United States, in its sole and unreviewable discretion, may reduce or waive stipulated penalties otherwise payable to the United States under this Stipulation.

6. Defendant shall not deduct any civil or stipulated penalties paid under this Stipulation in calculating its federal or state income tax.

7. All of the foregoing obligations shall apply to and are binding upon Defendant and its successors, and shall not be altered by any change in ownership or corporate status.

8. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to all the terms of this Stipulation.

9. Entry of this Stipulation and payment of the penalty stated in Paragraph 3 of this Stipulation shall constitute full and final settlement of the civil claims of the United States alleged in the Complaint against Defendant occurring through the date of filing of this Stipulation, provided that Defendant fully complies with the requirements of Administrative Compliance Order on Consent, Docket No. CWA-04-2017-4750, effective January 20, 2017.

10. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation, except as expressly stated in Paragraph 9. This Stipulation shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under Section 309 of the CWA, 33 U.S.C. § 1319, or any regulations promulgated thereunder, or under other federal, state or local laws, or permit conditions, except as expressly stated in Paragraph 9.

11. Defendant neither admits nor denies the allegations of the Complaint and Joint Stipulation of Settlement.

12. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to Defendant, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppels, issue preclusion, claim preclusion, claim splitting or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 9.

13. This Stipulation constitutes a final judgment under Federal Rules of Civil Procedure 54 and 58, and it shall constitute an enforceable judgment in accordance with Rule 69 of the Federal Rules of Civil Procedure, and Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties. Further, Defendant shall be liable for attorneys' fees and costs reasonably incurred by the United States to collect any amounts due under this Stipulation.

14. With regard to matters relating to this Stipulation and its enforcement and the filing of the Complaint, Defendant shall identify on the attached signature pages the names, addresses, and telephone numbers of agents who are authorized to accept service of process by mail on behalf of Defendant with respect to all matters arising under or relating to this Stipulation and the filing of the Complaint. Defendant hereby agrees to accept service of process by mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and in any applicable local rules of this Court, including, but not limited to, service of a summons.

15. Except as stated in Paragraph 13 of this Stipulation, each party shall bear its own costs and attorneys' fees related to this action.

16. After payment by Defendant of all monies due under this Stipulation, the United States shall execute and file with this Court a stipulation that the Complaint be dismissed with prejudice.

17. This Court shall retain jurisdiction for the purposes of enforcing this Stipulation.

18. The Clerk of Court is directed to **CLOSE** this case for administrative purposes.

**DONE AND ORDERED** in Miami, Florida, this 28th day of April, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record